PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS (CA Bar No. 177956)
reynold.siemens@pillsburylaw.com
MARK E. ELLIOTT (CA Bar No. 157759)
mark.elliott@pillsburylaw.com
CAROLINE L. PLANT (CA Bar No. 247358)
corrie.plant@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Plaintiff
WHITTAKER CORPORATION

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
michael.augustini@usdoj.gov
MARTHA C. MANN (FL Bar No. 155950)
martha.mann@usdoj.gov
KIM N. SMACZNIAK (N.Y. Bar No. 4782637)
Environment & Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 616-6519
Facsimile: (202) 514-8865

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTAKER CORPORATION, a Delaware corporation. | Case No. CV-13-01741-FMO(JCx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | Honorable Fernando M. Olguin |
| UNITED STATES OF AMERICA, | Courtroom: 22 - 5th Floor |
| Defendant. | |

- 1 -

## STIPULATED PROTECTIVE ORDER

It is hereby ordered that this Stipulated Protective Order shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned litigation ("the Litigation").

**1.    Scope of Order**.  This Stipulated Protective Order ("the Protective Order") governs the use and handling of confidential documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Protected Material") supplied by any party (including third parties) in the Litigation.  Protected Material supplied in this Litigation shall be used only for the purpose of this Litigation, and not for any business, competitive, personal, private, public or other purpose whatsoever.

**2.    Designation of Protected Material**.  Any party (including a third party or recipient of a subpoena in this Litigation) may in good faith designate as "**Protected**" any material that it supplies in this Litigation which contains trade secrets, non-public research and analysis, competitively sensitive financial information, commercial information, internal strategy or strategic planning information, or internal communications regarding the Protected Material; or other information for which a good faith claim of need for protection from disclosure can be made under applicable law.  The designations will be made in conformance with Paragraph 6 of this Protective Order.  If a document, or other material or testimony related thereto, is inadvertently disclosed without being marked as Protected Material in accordance with Paragraph 6 or if such disclosure occurred prior to the execution of this Protective Order, the failure to so mark the document, or other material or testimony related thereto, shall not be deemed a waiver by

the supplying party of its ability to designate such information as Protected Material, provided that the failure to mark the document, or other material or testimony related thereto, is brought to the attention of the receiving Party within a reasonable time after the original disclosure of the Protected Material in this Litigation.  In such instance, the supplying party must produce another copy of the Protected Material in conformance with Paragraph 6.  If the receiving party has disclosed the information to persons prior to being notified that the information is Protected Material, such disclosure will not be deemed a violation of this Protective Order, but the receiving party shall advise such persons that the Protected Material is subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

    **3.**    **Persons Who May Access Protected Material**.  Absent written consent from the supplying party or unless otherwise directed by the Court after reasonable advance notice, Protected Material may be disclosed only to the following persons:

        (a)    Employees, officers, and directors of the named parties to this lawsuit who have a need to review the Protected Material in connection with the Litigation;

        (b)    Counsel of record for the parties and in-house counsel who are not regular employees of a party but are retained on behalf of any of the parties by their counsel to assist in preparation of this case;

        (c)    Actual witnesses during the trial or any hearing in this Litigation or actual deponents during a deposition in this Litigation and the attorneys representing any third party at the deposition, hearing, or trial;

- 3 -

(d)     Outside experts, investigators, or consultants who are retained on behalf of any of the parties by counsel to assist in the preparation of this case;

(e)     Outside photocopying, graphic production services or litigation support services employed by the parties' counsel to assist in this Litigation, and computer services personnel performing duties in relation to a computerized litigation system;

(f)     The Court, court reporters, videographers, stenographers, and court personnel; and

(g)     The direct staff of, and any personnel employed or retained by any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

Any person who obtains access to Protected Material, as permitted by this Protective Order, may make copies, duplicates, extracts, summaries or descriptions of the information contained therein or any portion thereof.  All copies, duplicates, extracts, summaries, or descriptions derived from Protected Material shall be subject to the terms of this Protective Order and shall be marked to the same extent and manner as originals.

**4.     Application of this Protective Order to Persons With Access to Protected Material**.  Each person given access to Protected Material shall be advised that the Protected Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.  In addition, Protected Material shall not be left in the possession of persons described in Paragraph 3(c) without the written consent of the Producing Party.  Before any person

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01741 FMO(JCx)

FINAL - [Proposed] Stipulated Protective Order.doc

described in Paragraph 3(d) or (e), or any person described in Paragraph 3(g) who is employed or retained by persons described in Paragraph 3(d) or (e), is given access to Protected Material, that person must read and agree in writing, by signing an acknowledgement in the form attached as Exhibit A, to be bound by the provisions of this Protective Order.  Any such signed acknowledgement shall be retained during the course of this Litigation by the counsel who obtained the acknowledgment.  All persons who review Protected Material pursuant to this Protective Order and sign Exhibit A agree to the jurisdiction of this Court over their person for the purpose of enforcement of this Order.

**5.    Filing Documents Containing Protected Material**.  In the event that a party wishes to use or reference any Protected Material in any pleading or document filed with the Court in this Litigation, the party shall follow the procedures set forth in Civil L.R. 79-5, which is hereby incorporated by reference, if applicable.

**6.    Production of Documents and Other Material Containing Protected Material**.  The designation of Protected Material for the purposes of this Protective Order shall be made in the following manner:

      (a)    In the case of documents and written discovery responses, by affixing the legend "Protected Material – Do Not Release" to each page or .TIFF image containing Protected Material.

      (b)    In the case of electronically stored information ("ESI") in any form (including data and metadata), by designating the ESI as "Protected" in a cover letter accompanying the production of the ESI.  Where feasible, counsel for the supplying party will also mark the disc, tape or other

electronic media on which the ESI is produced with the appropriate designation. If a party reduced Protected ESI to hardcopy form or .TIFF image format, it shall mark the hardcopy or each .TIFF image with the appropriate designation. Whenever any Protected ESI is copied, all copies shall be marked with the appropriate designation.

(c)    In the case of depositions: (i) by a statement on record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the parties within ten business days after receipt of the transcript of the deposition. Until said ten day period has expired, all transcripts shall be treated as Protected Material. To maintain the confidentiality of any deposition testimony or exhibits designated as Protected Material in accordance with the terms of this Protective Order, the court reporter who transcribes the deposition testimony shall make reasonable arrangements and measures, which may include the marking of transcript pages, covers, or exhibits to indicate that Protected Material is contained therein. Any additional cost incurred as a result of marking the transcript pages, covers, or exhibits shall be the responsibility of the party requesting the marking.

(d)    To the extent that a person described in Paragraph 3 creates, develops, establishes or otherwise maintains, on any computer, network, disc, tape or other digital or analog machine-readable device, any information, files, databases or programs that contain Protected Material, such person

- 6 -

shall take all necessary steps to ensure that access to any Protected Material is restricted to those persons who, by the terms of this Protective Order, are allowed to access the Protected Material.

(e)   The inadvertent failure to stamp a document as "Protected" shall not by itself be deemed a waiver of a claim of confidentiality.

(f)   The supplying party shall give written notice to the party receiving the Protected Material promptly after the omission is discovered, and the receiving party shall then treat those materials as Protected Material in accordance with this Protective Order.

(g)   Notwithstanding the foregoing, to the extent a party desires to make a claim of protected status under this Protective Order related to information produced or otherwise provided to a Testifying Expert before that information was designated as Protected Material, that Party may do so only upon a showing of good cause.  In determining if good cause exists, the Court shall consider, among other relevant factors, the prejudice to the receiving Party caused by the claim of privilege.  If a claim of protected status is sustained as to Protected Material produced or otherwise provided to a Testifying Expert, and the confidentiality claim relates to a document that the Testifying Expert relied on, then the Parties shall meet and confer regarding the provision of a revised report.  In meeting and conferring, the Parties shall ensure that the date of a revised

- 7 -

report does not conflict with the District Judge's scheduling order without prior approval of the District Judge.  If a revised report is produced, the prior report shall be treated as work-product pursuant to Federal Rule of Civil Procedure 26 and all copies shall be returned to the producing Party.  Such prior report may not be used for any purpose, including for the purposes of impeachment.

**7.     Use of Protected Material at Depositions**.  No person shall attend portions of depositions in which Protected Material is referred to unless such person is an authorized recipient of Protected Material pursuant to this Protective Order.

**8.     Use of Protected Material at Trial or Hearing**.  If any party intends to use Protected Material in their case in chief at trial or hearing, counsel shall raise the issues before the Final Pretrial Conference or at such other time as designated by the Court.  The restrictions, if any, that will govern the use of Protected Material at trial or hearings will be determined at a later date by the Court.

**9.     Previously Obtained Material**.  Nothing in this Protective Order shall preclude any party to this Protective Order or its attorneys from showing a document designated as Protected Material to an individual who prepared, authored, received or reviewed the material prior to the filing of this Litigation.

**10.     Exceptions**.  The "Protected Material" shall not include, and the receiving party shall not be under any obligation to maintain in confidence or not use, any information (or any portion thereof) disclosed to it by another source to the extent that such information:

(a)     is in the public domain at the time of disclosure;

- 8 -

(b)     is required by statute, regulation or permit to be filed with a state or federal environmental agency to demonstrate compliance with a regulation;

(c)     following the disclosure, becomes generally known or available through no act or omission on the part of the receiving party;

(d)     is known, or becomes known, to the receiving party from a source other than the supplying party; or

(e)     is legally required to be disclosed by judicial or other governmental action outside of this Litigation; provided, however, that prompt notice of such judicial or other governmental action shall have been given to the supplying party and that the supplying party shall be afforded the opportunity (consistent with the legal obligations of the receiving party) to exhaust all reasonable legal remedies to maintain the material in confidence.

Protected Material shall not be deemed to fall within the exceptions of subparts (a) to (e) above merely because it is included in a document which also includes information that does fall within such exceptions if the Protected Material constitutes the whole or a material part of the document.

**11.     Modification of the Protective Order**.  This Protective Order shall not prevent a Party from applying to the Court for relief from it, or from applying to the Court for further or additional protective orders, or from agreeing with another party to a modification of this Protective Order, subject to the approval of the Court.

- 9 -

**12.    Challenging Protected Material Determinations**.

(a)    Timing of Challenges.  Any party to this action may challenge a designation of Protected Material.  Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)    Meet and Confer.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to protected status is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 21 days of the date of service of notice.  In conferring, the challenging party must explain the basis for its belief that the protected designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.  The Parties must comply with the Local Rules, including Local Rule 37-1, before filing any challenge with the Court.

(c)     Protective Orders.  Although the burden of persuasion in moving for any Protective Order shall be on the designating party, frivolous oppositions, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

(d)     Third Parties.  Any third party or subpoena recipient whose Protected Material is at issue may appear, by counsel, to defend the designations as Protected Material, or to enforce the terms of this Order.

**13.     Compliance with Order Is Not an Admission**.  A person's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**14.     Third Party Requests for Protected Material**.  If any person receiving Protected Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or is otherwise requested to provide Protected Material covered by this Protective Order, such

- 11 -

person receiving the subpoena, document demand, or request shall give prompt written notice to counsel for the supplying Party and shall, to the extent permitted by law, withhold production of the Protected Material.  The receiving party shall further provide the supplying party prompt notice of any intent to disclose Protected Material over the supplying party's objection.

15.    **Court Retains Jurisdiction**.  This Protective Order shall survive termination of this Litigation.  The Court expressly retains jurisdiction over this action for the enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

16.    **Return or Destruction of Protected Material**.  Within 90 days of termination of this Litigation, including all available appeals, non-Federal parties shall return Protected Material, and any copies thereof, to the supplying Party or shall destroy the material and certify the date of their destruction. This paragraph does not apply to notes, pleadings, depositions or other documents in which Protected Material is referred to or quoted, but only as to the Protected Material itself.  The parties acknowledge that laws or regulations applicable to the retention of federal records may restrict the extent to which the United States may return Protected Material.

17.    **Parties May Use Their Own Protected Material**.  Nothing in this Order shall restrict a party's use or disclosure of its own Protected Material in any way.

18.    **Violation of the Protective Order**.  The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Protective Order governing the protection of material that is designated Protected.

19.    **Confidential or Protected Material From Prior Litigation**. Notwithstanding the foregoing, discovery materials designated as

- 12 -

1  "Confidential" or "Protected" in *Steadfast Insurance Company v. United*

2  *States*, Case No. CV-06-4686-AHM (C.D. Cal.) and *American International*

3  *Specialty Lines Insurance Company v. United States of America*, Case No.

4  CV-09-01734-AHM (C.D. Cal) shall be deemed Protected Material under this

5  Protective Order without any additional action being taken and the use of such

6  Protected Material in this Litigation will be governed by this Protective Order.

7       **20.**     Upon request, the parties agree to meet and confer following the

8  close of factual discovery to evaluate whether revisions are required to this

9  Protective Order.  This Protective Order is entered without prejudice to the

10  right of any party to seek revision to the Protective Order for good cause

11  shown.

12       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  Dated:  January 17, 2014

14

15                                              By:  /s/ Mark E. Elliott

16                                              _____

17                                                   Mark E. Elliott

                                                Attorney for Plaintiff WHITTAKER
18                                              CORPORATION

19

20                                              By:  /s/ Michael C. Augustini

21                                              _____

                                                     Michael C. Augustini
22
                                                Attorney for Defendant UNITED STATES OF
23                                              AMERICA

24       IT IS SO ORDERED.

25  Dated:  January 21, 2014        _____/s/_____

26                                              Honorable Jacqueline Chooljian
                                                United States Magistrate Judge
27

28                                        - 13 -

FINAL - [Proposed] Stipulated Protective Order.doc

EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the

Central District of California on [date] in the case of **WHITTAKER**

**CORPORATION v. UNITED STATES OF AMERICA, Case No.** CV-13-

01741.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this

Stipulated Protective Order.  I also agree to return any information subject to

this Stipulated Protective Order that come into my possession, and documents

or things that I have prepared relating thereto, to counsel for the party by

whom I am employed or retained.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this Litigation.

I hereby appoint _____ [print or type

full name] of _____ [print or type full

address and telephone number] as my California agent for service of process

in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01741 FMO(JCx)

FINAL - [Proposed] Stipulated Protective Order.doc

1   Date: _____   City and State where sworn and signed: _____

2   Printed name:      _____

3   Signature:      _____

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL - [Proposed] Stipulated Protective Order.doc